## T. T. Enochs *v.* J. W. Therrell.

1. Promissory Notes. *Partnership.*

   The holder of a note payable to himself or bearer has the legal title, although it was taken by way of division in payment of a note given to him and another person for property which they jointly owned.

2. Same. *Payment.*

   Accepting the note payable to bearer is no fraud on its maker, who cannot discharge his debt by paying the other person and taking his receipt against the note in the holder's hands.

Appeal from the Circuit Court of Webster County.

Hon. C. H. Campbell, Judge.

T. T. Enochs and A. Woodward bought four mules, and each took two. Afterward they sold the mules to different persons, taking notes, which they divided. One of these notes, payable to Enochs & Woodward and signed by Wiley Therrell, was given for one of the mules, which Enochs held, and it fell to him in the division. This note was taken up by J. W. Therrell, who gave his note, payable to Enochs & Woodward. After this note became due Enochs sent his son to collect it, and the son brought him part in money and for the balance the following note:—

" $85\frac{56}{100}$                         " BENELA, MISS., February 3, 1876.

" One day after date I promise to pay T. T. Enochs, or bearer, eighty-five and $\frac{56}{100}$ dollars for value received to draw ten per cent. interest. from date.

(Signed)                         ".J. W. THERRELL."   [SEAL.]

Several years afterward T. T. Enochs handed this note to T. M. Burnes, telling him that he should have twenty-five dollars if he would collect the note, and Burnes, after consulting a lawyer, put the note in his clock, and it was eaten by rats. Meantime J. W. Therrell paid A. Woodward one hundred dollars, and took from him the following receipt:—

" BENELA, December 27, 1879.

" Received of J. W. Therrell one hundred dollars in full payment on note held by T. T. Enochs, it being there for the original note given by Wiley Therrell, and afterward taken up by J. W. Therrell, for a mule that belonged to Woodward & Enochs. Said mule was sold by A. Woodward. Said Therrell has satisfied said note held by T. T. Enochs.

" A. WOODWARD."

On July 20, 1882, T. T. Enochs sued on what he swore was a copy of the destroyed note, and J. W. Therrell pleaded payment. The plaintiff appealed to the circuit court from a decision by the magistrate in the defendant's favor. After the evidence was introduced in the circuit court, the plaintiff asked for this charge : " 1. If Enochs surrendered a note payable to Enochs & Woodward and took a note payable to T. T. Enochs or bearer, this was an extinguishment of the original note, and a payment thereof to T. T. Enochs, and the creation of a new debt." The instruction was refused as asked, but given after being modified by adding—" if no fraud was practiced on Therrell in obtaining the new note." For the defendant the court instructed : " If the jury believe from the evidence that there was fraud practiced on defendant, J. W. Therrell, in procuring the note given February 3, 1876, and that he afterward paid Woodward one hundred dollars in full of the amount due Woodward & Enochs, if they believe the claim sued on was the property of said Woodward & Enochs, they will find for the defendant." No other charges modified these, and the jury·

found for the defendant. A motion for a new trial, upon the grounds that the verdict was contrary to the evidence, and that the court modified the plaintiff's charge and gave that for the defendant, was overruled, and judgment for costs was rendered against the plaintiff; and from this he appeals.

*S. M. Roane,* for the appellant.

*L. Brame,* on the same side.

Payment to Woodward was no discharge of the note. He was not authorized to collect. The language of this document shows that Therrell was attempting to protect himself against the note now in suit. Nothing can be inferred from putting the note in the clock further than an intention as to time. Certainly fraud is not deducible from this circumstance, and there is nothing else of an unusual character in the conduct of the plaintiff or his agent Burnes. The applicability of the charges about fraud, therefore, is not apparent. It devolved on the defendant to prove his plea of payment, and he has failed to do this.

*White & Fox,* for the appellee.

If Enochs took the new note to himself without his partner's consent this was a fraud, and payment to the firm afterward discharged the debt. *Stegall* v. *Coney,* 49 Miss. 761; Parsons Part., § 210 and notes. The highest duty which partners owe to each other is perfect good faith. Parsons Part., § 223; Story Part., § 172. It was left by the charges to the jury to say whether the debt still belonged to the firm of Woodward & Enochs, and they were to find the payment binding only in the event that they believed that the claim sued on was their property. If the note was in fact partnership property it made no difference that it was not payable to the firm. Story Part., §§ 371, 393. Outside persons are not bound by the arrangements between the members of the firm. *Cammack* v. *Johnson,* 1 H. W. Green 163. Payment to either partner is sufficient. This principle, which is incontrovertible, governs the case, even if the charges were erroneous.

COOPER, J., delivered the opinion of the court.

The court erred in modifying the first instruction asked by the

plaintiff and in giving the instruction asked by the defendant. There is nothing in the testimony from which the jury were warranted in finding that any fraud had been perpetrated on Therrell by Enochs, and it was error to submit such issue for their determination. The legal title to the note sued on was in Enochs alone, notwithstanding the fact that Woodward was a joint owner with him in the mule for which the first note was given, *Parker* v. *Macomber*, 18 Pick. 505, and payment should have been made to him or to his agent authorized to receive the same.    Parsons on Notes and Bills 210.

*Judgment reversed.*